ROBERT W. BRIGGS, Respondent, v. GEORGE GASPERINI, Appellant. (Action No. 1.) — Order of the City Court of Yonkers denying defendant's motion to dismiss the first cause of action for insufficiency affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

FRANK DOUGHERTY and Another, Respondents, v. ROCKAWAY OPERATING Co., INC., Appellant.— In an action for an injunction and damages against the defendant for fostering and maintaining a monopoly, the order granting examination of the defendant through its vice-president and manager and directing the production of enumerated books, papers and documents is affirmed, with ten dollars costs and disbursements. No opinion. Examination to be had at the place appointed in the order on five days' notice. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

JOSEPH HAMMER, Appellant, v. NEW YORK AND QUEENS TRANSIT CORPORATION, Respondent.— The action is brought to recover damages for personal injuries suffered when plaintiff fell on or near the tracks of the defendant's street railroad, due, it was claimed, to the negligence of the defendant in failing to maintain its tracks and the pavement adjacent thereto as the law required in a safe and suitable condition at a place where pedestrians might lawfully travel. The complaint was dismissed at the close of the plaintiff's case, although the defendant had made no motion. As the record stood the plaintiff had made a *prima facie* case; and the dismissal was error. Judgment for defendant reversed on the law and a new trial granted, with costs to appellant to abide the event. Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur.

HITTLEMAN GOLDENROD BREWERY, INC., Appellant, v. HOWARD H. ACKLEY and Another, Copartners Doing Business under the Firm Name and Style of PFLUG & ACKLEY, Respondents.— Order denying motion for an examination before trial reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. There is disparity in the figures in the pleadings of the parties in respect to the amount representing sales and credits. We think the examination sought by plaintiff, with the books and documents of the defendants produced on such examination, would aid in facilitating the trial; and that, therefore the examination may be deemed necessary. Examination may proceed on five days' notice, at a time and place to be stated in the order. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur. Settle order on notice.